Patrick M. Flatley
United States Bankruptcy Judge

Dated: Friday, October 31, 2014 4:09:26 PM

# IN THE UNITED STATED BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JESSICA KAYE LAMB MARKWOOD, | ) | Case No. 13-bk-1390 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| JESSICA KAYE LAMB MARKWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 14-ap-04 |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| and SALLIE MAE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The U.S. Department of Education ("DOE") seeks summary judgment dismissing the Plaintiff's complaint based upon the Plaintiff's alleged failure to plead facts sufficient to establish that her debt owed to DOE creates an "undue hardship" on her and her dependents. The Debtor contends that the court cannot grant summary judgment given the nature of her complaint.

For the reasons stated herein, the court will grant summary judgment to DOE.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary

1

judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

## II. BACKGROUND

In 2011, the Debtor executed a promissory note to obtain a consolidation loan from DOE made as part of DOE's William D. Ford Federal Direct Loan Program. From May 2012 to April 2013, the Debtor made monthly payments of $121.99. Since May 2013, the Debtor's monthly payment due to DOE has been $0 based upon her participation in DOE's income-contingent repayment plan. On November 25, 2013, the Debtor filed a Chapter 7 voluntary petition in this court. And on February 4, 2014, she filed this adversary proceeding seeking to discharge several debts arising from student loans, including the obligation to DOE. As of March 4, 2014, the Debtor owed DOE $72,277.24. She continues to participate in the income-contingent repayment plan and currently owes DOE $0 per month.

## III. DISCUSSION

DOE asserts that it is entitled to summary judgment because the undisputed facts alleged by the Debtor, even taken as true, fail to establish that the debt due and owing to DOE imposes an "undue hardship" on the Debtor or her dependents. The Debtor contends that summary judgment is inappropriate in this proceeding because the court cannot determine whether the debt due and owing to DOE imposes an "undue hardship" without a trial on the merits of her complaint.

Debts arising from student loans are generally excepted from a debtor's bankruptcy discharge "unless excepting such debt . . . would impose an undue hardship on the debtor and the debtor's dependents . . . ." 11 U.S.C. § 523(a)(8). To determine what constitutes "undue hardship," a phrase not defined by the Bankruptcy Code, the Fourth Circuit Court of Appeals adopted the three-part test established in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d. Cir. 1987) (per curiam). *Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 400 (4th Cir. 2005) (citing *Brunner*, 831 F.2d at 396). To discharge a debt arising from a student loan similar to the one at issue in this proceeding, a debtor must demonstrate

> 1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; 2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and 3) that the debtor has made good faith efforts to repay the loans.

*Id*. (citing *Brunner*, 831 F.2d at 396).

Under the first prong of the *Brunner* test, the court focuses on the debtor's ability to maintain a minimal standard of living "*if forced to repay the student loans*." *Magsino v. U.S. Dept. of Ed. (In re Magsino)*, Adv. No. 12-3247, 2014 WL 1341932, at *4 (Bankr. W.D.N.C. Apr. 4, 2014) (emphasis in original). A debtor must show "more than an austere budget or tight finances." *Straub v. Educ. Cred. Mgmt. Corp. (In re Straub)*, 435 B.R. 312, 316 (Bankr. D.S.C. 2010) (citing *Garrett v. N.H. Higher Educ. Assistance Found.*, 180 B.R. 358, 362 (Bankr. D.N.H. 1995)).

The second prong of the *Brunner* test, which is at its heart, is "a demanding requirement" necessitating a "certainty of hopelessness" that the debtor will be unable to repay the student loans. *Frushour*, 433 F.3d at 401 (internal quotations and citations omitted). "The debtor's

hardship must be more than the normal hardship that accompanies any bankruptcy." *Id*. (citing *Rifino v. United States (In re Rifino)*, 245 F.3d 1083, 1087 (9th Cir. 2001)). "For example, although not exhaustive, a debtor might meet this test if she can show illness, disability, a lack of usable job skills, or the existence of a large number of dependents." *Id.* (internal quotation and citation omitted). "The existence of the adjective 'undue' indicates Congress viewed garden-variety hardship as insufficient excuse for a discharge of student loans." *Rifino*, 245 F.3d at 1087 (internal quotation and citation omitted).

Here, the undisputed material facts, and inferences to be drawn in the Debtor's favor, are insufficient to support a finding of "undue hardship," as defined by the Fourth Circuit. Specifically, the Debtor failed to allege facts sufficient to satisfy the first and second prongs of the *Brunner* test. Although the court can grant summary judgment to DOE based upon the Debtor's failure as to the first prong alone, *Frushour*, 433 F.3d 400 (emphasis added) (citation omitted) ("The Debtor has the burden of proving *all three factors* by a preponderance of the evidence."), the court will analyze the Debtor's failure regarding both the first and second prongs of the *Brunner* test.

Regarding the first prong, the Debtor alleges that she does not have the ability to repay the debt to DOE because her current household expenses, excluding her debt to DOE, exceed her current household income. That is her only allegation in that regard. The Debtor does not contend, however, that she is unable to maintain a minimal standard of living without discharging the debt—the focus of the first prong of the *Brunner* test. The Debtor's Schedules I and J, which she filed with her bankruptcy petition and swore to under penalty of perjury, indicate that her household income is $5,826.40 and her household expenses—not including her debt to DOE— are $5,851.00, resulting in net monthly household income of negative $24.60. Her Schedule J does not include her obligation to DOE, which supports her assertion that she has insufficient income to pay the debt. But other household expenses on the Debtor's Schedule J belie the notion that her household cannot maintain a minimal standard of living while repaying her obligation to DOE—currently $0 per month. Specifically, according to her Schedule J, the Debtor has the following monthly household expenses: $100 for recreation, $170 for cell phones, $1,000 for food, $233 for the combined repayment of two retirement loans, and $375 for the debt maintenance of her non-filing spouse. Although the court is not adjudging the legitimacy of any of the Debtor's household expenses, the court finds that the expenses elucidate

4

the Debtor's standard of living, which the court finds to be more than "minimal," particularly given the minimal amount by which her household expenses exceed her household income on a monthly basis and the fact that the Debtor's monthly payment to DOE is $0 based upon her enrollment in the income contingent repayment plan. Because the Debtor's repayment to DOE, currently $0, has no impact on her ability to maintain what the court finds to be at least a "minimal" standard of living, the court finds that the undisputed material facts in this proceeding warrant the granting of summary judgment to DOE.

      Similarly, the Debtor failed to satisfy the second prong of the *Brunner* test because she failed to allege facts sufficient to demonstrate that additional circumstances exist showing that the current state of affairs is likely to persist for a significant portion of the repayment period. Indeed, the undisputed material facts here do not support a finding that the Debtor suffers from any atypical hardship leading to a "certainty of hopelessness." Rather, the Debtor alleges in her complaint only that her financial circumstances are not reasonably likely to improve in the near future. Notably, however, the only hardship from which the Debtor suffers is a financial one. She conceded during an August 19, 2014 telephonic pre-trial hearing that she suffers from no medical hardship or mental disability. In fact, the Debtor possesses both a bachelor's degree and a master's degree in business administration. Additionally, although Eastern WVCTC employs the Debtor and seems to be her only current source of income, the Debtor's statement of financial affairs indicates that she also holds an interest in Lambent Marketing, a marketing business in which she has held an interest since 2011.[1] Although Lambent may not currently be an income-generating venture, the court finds its existence and potential to generate income in the future precludes a finding that the Debtor faces a "certainty of hopelessness." The court thus finds that although her current household income may be insufficient to pay her obligation to DOE—currently $0 per month—the Debtor failed to plead facts sufficient to satisfy the second prong of the *Brunner* test.

---

[1] Regarding the Plaintiff's employment with Eastern WVCTC, she alleges in her response to DOE's Interrogatory No. 2 that it qualifies for the Public Service Loan Forgiveness program such that she may be eligible to apply for loan forgiveness after working for a public agency for a total of ten years. Although it is unclear from the record whether DOE disputes that allegation, that is further evidence, by the Plaintiff's own admission, that her hardship does not rise to the level of a "certainty of hopelessness."

5

Insofar as the Debtor contends that the court cannot dispose of this proceeding without considering live testimony at trial, her argument is without merit. A determination of "undue hardship" requires the court to apply the legal standard set forth in *Brunner* to the facts of this proceeding. To the extent such a determination can be made based upon undisputed material facts at the dispositive-motions phase of the proceeding, a trial is unnecessary and would be a waste of judicial resources. Here, the pleadings make clear that the parties do not dispute material facts or inferences to be drawn in the Debtor's favor based upon those facts. Moreover, the Debtor failed to set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial in her response to DOE's motion for summary judgment. Because those undisputed material facts and inferences do not support the Debtor's cause of action under §523(a)(8), the court will grant DOE summary judgment.

## IV. CONCLUSION

Based upon the foregoing, the court will grant DOE's summary judgment and dismiss the Plaintiff's complaint against it.[2] The court will enter a separate order consistent with Fed. R. Bank. P. 7058.

---

[2] On July 9, 2014, the court entered an order dismissing the Plaintiff's complaint as to the following three of five defendants in this proceeding: American Education Services, Fedloan Servicing, Inc., and SLM Corp. Because the court is now dismissing the complaint as against DOE, only the Plaintiff's cause of action against Sallie Mae, Inc., remains.